IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 11 C 5702 |
| EDWARD J. SHADRICK, et. al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Deutsche Bank National Trust Company's (Deutsche Bank) motion for summary judgment. For the reasons stated below, the motion for summary judgment is granted.

## BACKGROUND

Deutsche Bank filed a complaint to foreclose mortgage against Defendant Lois M. Bugg Shadrick and Defendant Edward J. Shadrick (Edward Shadrick) (collectively referred to as the "Shadricks") relating to property located at 311 60th Street, Downers Grove, Illinois (Property). On April 24, 2003, the Shadricks allegedly borrowed $280,800.00 from New Century Mortgage Corporation (NCMC) to purchase the Property and executed a Note (Note) in favor of NCMC. Under the

1

Note, the Shadricks agreed to pay 7.35% interest at a yearly rate; taxes, insurance, and other escrow items relating to the Property; and a $1,934.64 monthly payment on the first day of each month. NCMC allegedly secured its interest in the Note by filing a Mortgage in the Office of the DuPage County Recorder, which was recorded as Document/Instrument No. R2003-175238. In July of 2011, the Mortgage was allegedly assigned to Deutsche Bank. The Shadricks allegedly failed to make the payment due under the Note on April 1, 2011, or any payments thereafter. An outstanding principal balance of $246,600.54 allegedly remains on the Note, with interest accruing daily. Deutsche Bank now moves for summary judgment on its foreclosure claim.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" of material fact in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In

2

ruling on a motion for summary judgment, the court must consider the record as a whole, in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

Deutsche Bank argues that there are no genuinely disputed issues of material fact, and that summary judgment should therefore be granted in its favor. Deutsche Bank has submitted a statement of material facts, and has pointed to evidence in the record to support the facts asserted in its statement of material facts. The Shadricks have failed to file a response to Deutsche Bank's statement of material facts. Therefore, pursuant to Local Rule 56.1, the facts asserted by Deutsche Bank in its statement of material facts are deemed admitted. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012)(indicating that the court can rely on a party's statement of material facts when the facts asserted are supported by citations to relevant evidence in the record and the opposing party fails to comply with the local rule requiring a response); *see also Patterson v. Indiana Newspapers, Inc.*, 589 F.3d 357, 359 (7th Cir. 2009)(stating that Local Rule 56.1(b) requires the party "opposing a motion for summary judgment to identify the material facts in dispute and cite to *admissible evidence* controverting the [moving party's] evidence")(emphasis added); *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643 (7th Cir. 2008)(stating that "[d]istrict courts are entitled to expect strict compliance with Rule 56.1")(internal

3

quotations omitted)(quoting *Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004)).

It is undisputed that NCMC loaned Edward Shadrick $280,800.00 in April of 2003, that Edward Shadrick executed a Note in favor of NCMC, and that under the Note, Edward Shadrick agreed to pay 7.35% interest at a yearly rate, taxes, insurance and other applicable escrow items, and $1,934.64 in monthly payments toward repayment of the loan. (SF Par. 1-5). It is also undisputed that NCMC secured its interest in the Note by filing a Mortgage covering the Property, which was recorded by the DuPage Country Recorder on May 7, 2003. (SF Par. 6-10). In addition, it is undisputed that the Mortgage provides that in the event of default, immediate payment of all sums due under the Note could become due, foreclosure could be effectuated by judicial proceedings, and the Shadricks would be responsible for any expenses incurred in pursuing remedies under the Mortgage, including reasonable attorneys' fees and costs. (SF Par. 10). It is further undisputed that the Shadricks failed to make a payment on the Note on April 1, 2011, or anytime thereafter, that NCMC's assigned its interest in the Mortgage to Deutsche Bank in July of 2011, and that as of October 24, 2011, there was an outstanding principal balance of $246,600.54 due on the Note, with interest accruing at $49.81 per day.

The Shadricks argue that summary judgment should be denied because the pleadings do not establish that Deutsche Bank has standing to bring suit, or comply with 735 ILCS 5/15-1504(a)(3)(D) and 735 ILCS 5/15-1504(a)(3)(N). The complaint in this case was filed on August 20, 2011. The Shadricks filed a *pro se*

4

answer to the complaint on December 6, 2011, and failed to raise any objections to the pleadings in their answer. No motion to amend the answer was ever brought before the court, and regardless, Deutsche Bank properly pled that it was both the legal holder of the indebtedness and the owner of the Mortgage. (Compl. Par. 10(n)). In addition, the content of the pleadings is irrelevant at this juncture, since in ruling on a motion for summary judgment, the court is not limited to a consideration of the pleadings alone. Therefore, the Shadrick's arguments relating to any deficiencies in the pleadings are without merit.

The Shadricks also argue that summary judgment should be denied because the evidence before the court does not show that there was a valid assignment of the Note to Deutsche Bank. In support of its motion for summary judgment, Deutsche Bank has provided the Note and the Pooling and Services Agreement under which Deutsche Bank validly obtained an interest in both the Note and Mortgage. (SF Ex. 1); (DE 37, Ex. 1, 2). Deutsche Bank has also included an exhibit showing the assignment of the Mortgage from NCMC to Deutsche Bank on July 22, 2011, which was recorded by the DuPage Country Recorder on August 8, 2011. (SF Ex. 3). Based upon the documents submitted to the court, Deutsche Bank has established that it has standing to bring this action to foreclose on the Mortgage.

The Shadricks further argue that there is a question of fact as to whether the grace period letter required under Illinois Mortgage Foreclosure Law, 735 ILCS 5/15-1501 *et seq.*, or the acceleration letter required under the terms of the Mortgage were ever sent to the Shadricks. The Shadricks have not presented the court with any

5

evidence demonstrating that there is a genuine issue of fact regarding whether such letters were sent. In addition, Deutsche Bank has presented evidence to the court showing that both a grace period letter and an acceleration letter were sent to the Shadricks. (DE 37, Ex. 3, 4). Based on the above, Deutsche Bank's motion for summary judgment is granted.

## CONCLUSION

Based on the foregoing analysis, Deutsche Bank's motion for summary judgment is granted. Deutsche Bank's motion to appoint special commissioner is also granted. A judgment of foreclosure and order of sale is entered accordingly, as well as an order appointing The Judicial Sales Corporation as Special Commissioner.


Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 13, 2013